IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAHNEEN SLANTIS,<br>        Plaintiff<br><br>vs.<br><br>CAPOZZI & ASSOCIATES, P.C.,<br><br>        Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action – Law<br>(Electronically filed)<br><br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff Lahneen Slantis ("Plaintiff" hereafter) sues Defendant Capozzi & Associates, P.C. ("Defendant" hereafter), and states as follows:

1. Plaintiff sues Defendant to remedy its violations of her rights under the Fair Credit Reporting Act, Pub.L. 91-508 (Oct. 26, 1970), 84 Stat. 1136, as amended, 15 U.S.C. § 1681 et seq. ("the Act" hereafter), for its impermissible access to her consumer file with a credit reporting agency without a permissible purpose and its unlawful use of the information so obtained. She seeks a judgment against the defendant for her actual damages, statutory damages if the Court finds

no actual damages, punitive damages, attorney's fees, litigation expenses and costs and any other relief available to her.

2.	This court has original jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.	The actions giving rise to the claims herein occurred in the Middle District of Pennsylvania and venue in this Court is therefore proper.

4.	Plaintiff is a citizen of the Commonwealth of Pennsylvania and resides at 2015 Valley Street, Enola, Cumberland County, Pennsylvania.

5.	Defendant is a professional corporation that has its principal place of business at 2933 North Front Street, Harrisburg, Dauphin County, Pennsylvania.

6.	Defendant impermissibly accessed Plaintiff's consumer file from a credit reporting agency on or about December 24, 2007.

7.	The consumer file on Plaintiff that Defendant wrongfully accessed disclosed consumer financial and other confidential information pertaining to Plaintiff.

8.	Defendant is a person as defined by the Act.

9.	Plaintiff is a consumer as defined by the Act.

10. The information Defendant accessed on Plaintiff is a consumer file as defined by the Act.

11. Upon information and belief, Defendant had at the relevant time access to consumer files through Equifax, a credit reporting agency, its affiliates and possibly other credit reporting agencies.

12. After unlawfully accessing Plaintiff's consumer file with the credit reporting agency, Defendant did impermissibly use the information it obtained.

13. Plaintiff learned of Defendant's impermissible access of her consumer file on or about February 27, 2008.

14. Upon information and belief, Defendant, upon its access to Plaintiff's consumer file, wrongfully certified to the consumer reporting agency that it had complied with the notice requirements of the act, had Plaintiff's permission for accessing her consumer file and that it had a permissible purpose to access the report.

15. Upon accessing Plaintiff's consumer file with the credit reporting agency, Defendant had not complied with the notice requirements of the act, did not have Plaintiff's permission for accessing her consumer file and it did not have a permissible purpose under the act for accessing her consumer file.

3

16. Defendant did not notify Plaintiff of its access to her consumer file.

17. Upon information and belief, Defendant made an illegal and impermissible access to Plaintiff's consumer file under false pretenses by falsely certifying an alleged permissible purpose for obtaining her consumer credit report and in stating that it had complied with the notice requirements of the act.

18. Defendant willfully failed to comply with the requirements of the Act, or, in the alternative, it negligently failed to comply with the requirements of the Act, and in doing so violated Plaintiff's rights.

19. Defendant obtained Plaintiff's consumer file knowingly.

20. Defendant's violation of Plaintiff's rights under the Act caused Plaintiff mental anguish and other damages.

21. Defendant is liable to Plaintiff for her actual damages or, if no actual damages are found, for an award of statutory damages and punitive damages against defendant as provided under the Act.

22. Plaintiff has retained the undersigned attorneys to pursue these claims on her behalf and is obligated to them for attorney's fees and expenses.

WHEREFORE, Plaintiff demands a jury trial and judgment against the defendant for actual damages, statutory damages against each defendant in the alternative to actual damages, punitive damages, attorney's fees and expenses, costs and other relief this court finds appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

s/ Frank P. Clark
FRANK P. CLARK, ESQ.

Pa Bar ID #35443
Attorneys for Lahneen Slantis
Clark & Krevsky, LLC
P.O. Box 1254
Camp Hill, PA 17001-1254
Tel: 717-731-8600
Fax: 717-731-4764
Email: fpc@clark-krevskylaw.com

Co-Counsel for Plaintiff:

s/ Gordon R. Leech
GORDON R. LEECH, ESQ.
Wis. Bar 1039489
Samster Konkel & Safran SC
1110 N. Old World Third St., Ste. 405
Milwaukee, WI 53203
Tel: 414-224-0400
Fax: 414-224-0280
Email: gleech@skslawyers.com