IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Lahneen Slantis,** | : |
| **Plaintiff** | : |
| v. | : Case No.: 1:09-CV-0049 |
| **Capozzi & Associates, P.C.,** | : |
| **Defendant** | : |

## ANSWER AND COUNTER CLAIM

**NOW COMES,** Defendant, Capozzi & Associates, P.C. ("Capozzi & Associates") and files this Answer to Plaintiff's Complaint as follows:

1. Denied. Plaintiff states a conclusion of law to which no response is required. To the extent a response is required, Capozzi & Associates denies the allegation that it accessed Plaintiff's credit file for an impermissible purpose or that it used any of the information obtained. Capozzi & Associates denies the allegation that Plaintiff is entitled to actual and punitive damages.

2. Admitted.

3. Admitted.

4. Admitted

5. Admitted.

6. Admitted in part and denied in part. Capozzi & Associates admits that it accessed Plaintiff's consumer file from a credit reporting agency. Capozzi & Associates denies the allegation the purpose was impermissible.

7. Denied. Capozzi & Associates denies the allegation its access was "wrongful" or information obtained was "confidential."

8. Admitted.

9. Admitted.

10. Denied. The term "consumer file" is not defined under the Fair Credit Reporting Act ("FCRA"). Capozzi & Associates denies it obtained any of the information described under the FCRA that would have provided any of the details of a Consumer Report, as defined under the FCRA. By way of further answer, Capozzi & Associates obtained only summary information that did not include detailed credit information.

11. Admitted in part and denied in part. Capozzi & Associates admits that it had at the time in question access to summary reports through Equifax. Capozzi & Associates denies it has access through other credit reporting agencies. By way of further response, Capozzi & Associates cancelled its registration with Equifax for lack of usage.

12. Denied. Capozzi & Associates denies that its access to Plaintiff's file was "unlawful", or that it used the information for any unlawful purpose. Capozzi & Associates submitted the inquiry, known as a Finder's Report, to verify location information and credit background for the allowable possible purpose of a civil action to recover money that Plaintiff owed to its client and Plaintiff's former employer, Advanced Center for Infertility, as a result of Plaintiff's theft of narcotics for which Plaintiff was subsequently charged and found guilty. A true and correct copy of the public record of the criminal court docket report is attached hereto and incorporated herein as Exhibit A. Capozzi & Associates did not print the summary report for any third party. Capozzi & Associates did not call or write to Plaintiff. Plaintiff was never harassed. Capozzi & Associates did not share the information with its client, third party, or lender. Indeed, Plaintiff has not alleged any specifics or negative effects on her credit as required under the FCRA.

13. Denied. Capozzi & Associates is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Admitted in part and denied in part. Capozzi & Associates admits that it certified to Equifax that it had a permissible purpose to assess a report. Capozzi & Associates denies that it certified to Equifax that it complied with any "notice requirements" or that it had "permission". By way of further response, "notice" or "permission" is not required by Equifax when a customer is requesting a report for a possible collection action.

15. Denied. Capozzi & Associates denies the allegation that it had failed to comply with any "notice requirement" and that it did not have a permissible purpose. Proof thereof is demanded at trial.

16. Admitted. By way of further response, the FCRA does not require notice from a customer of a credit reporting agency, except in extremely limited circumstances. See §615. Furthermore, Capozzi & Associates did *not* request a summary report for the purposes of extending a loan to Plaintiff, obtaining a credit score, or evaluating a credit dispute, as required under the FCRA. Furthermore, Capozzi & associates did not take any adverse actions whatsoever against Plaintiff. Proof that Capozzi & Associates was required to provide notice to the Plaintiff under the FCRA is demanded at trial.

17. Denied. Plaintiff states a conclusion of law to which no response is required. To the extent a response is required, Capozzi & Associates denies that it made an "illegal and impermissible access" to Plaintiff's consumer file. By way of further response, Capozzi & Associates denies Plaintiff's allegation that it had failed to comply with any notice requirements.

18. Denied. Plaintiff states a conclusion of law to which no response is required.

19. Admitted in part and denied in part. Capozzi & Associates admits that it knew it was obtaining a report. Capozzi & Associates denies that it obtained a full or detailed consumer file

20. Denied. Plaintiff states a conclusion of law to which no response is required. To the extent a response is required, Capozzi & Associates denies that it caused "mental anguish and other damages" with a single inquiry for information without taking any other actions. Proof thereof is demanded at trial. By way of further response, in contrast to cases where Plaintiffs under the FCRA have proved "mental anguish", Capozzi & Associates did not file or have the capability to file a negative credit report against Plaintiff. Capozzi & Associates and its client did not call or "harass" Plaintiff. No errors in or damage to Plaintiff's credit file occurred, or have been alleged, as a result of Capozzi & Associates' single inquiry. Capozzi & Associates did not publish or provide a copy of the Plaintiff's consumer file to its client or any third party. Capozzi & Associates did not take any adverse or retaliatory actions against Plaintiff. Capozzi & Associates did not consider any adverse actions against Plaintiff for collection of a debt, unless Plaintiff carried out her threat to file a complaint against Capozzi & Associates' client, Advanced Center for Infertility, for an alleged unlawful termination of employment. Indeed, on June 26, 2008, Capozzi & Associates submitted a formal request to Equifax to have the inquiry "masked" to address Plaintiff's questions about the inquiry. Equifax subsequently verified that the credit inquiry was "masked" and no longer appeared on her credit file as a direct result of Capozzi & Associates' request or a similar request submitted by Plaintiff in early 2008.

21. Denied. Plaintiff states a conclusion of law to which no response is required. To the extent a response is required, for the same reasons identified in Paragraph 20 above, Capozzi & Associates denies its single inquiry caused "actual damages" or that punitive damages are appropriate in this case. Capozzi & Associates did not submit a negative report to Equifax. A single inquiry into a consumer's credit file does not result in a decrease in credit score. Proof thereof is demanded at trial.

22. Admitted in part and denied in part. Capozzi & Associates admits that Plaintiff retained an attorney on her behalf. Capozzi & Associates denies that Plaintiff is obligated to her attorney for fees. Capozzi & Associates believes and avers that the fee agreement between Plaintiff and her attorney was on a contingent fee basis.

23. Capozzi & Associates asserts the affirmative defense of equitable estoppel.

24. Plaintiff's former employer, Advanced Center for Infertility and Reproduction Medicine located in Harrisburg, PA, retained Capozzi & Associates regarding an ongoing employment dispute with Plaintiff as the result of Plaintiff's addiction to drugs and theft of narcotics at her place of employment. She was subsequently found guilty of fraudulent possession and use of controlled substances as detailed in the criminal court docket report attached as Exhibit A.

25. Plaintiff voluntarily left her employment and was subject to a Consent Agreement and Order, dated May 23, 2006, with the PA State Board of Nursing regarding the probationary status of her license. The Order is not attached because the Order is subject to privacy requirements.

26. Plaintiff was subject to numerous terms, including reporting to the State Board of Nursing any changes to employment or matters that may negatively affect her professional licensure.

27. The Advanced Center for Infertility had information that Plaintiff had violated certain terms of the Consent Order, including her failure to report certain employment changes and violations of her probation.

28. Plaintiff subsequently retained the attorney currently serving as local counsel in the instant litigation for the purpose of filing a civil action against Advanced Center for Infertility. Plaintiff's counsel demanded settlement and threatened to file a frivolous lawsuit.

29. On behalf of Advanced Center for Infertility, Capozzi & Associates refused to settle and was prepared to defend Advanced Center for Infertility against any civil action. A true and correct copy of the January 3, 2008 letter from Capozzi & Associates to Plaintiff's attorney regarding Plaintiff's threats is attached hereto and incorporated herein as Exhibit B.

30. In preparation for its defense and possible New Matter and Counterclaim to recover money from Plaintiff as compensation for the narcotics that Plaintiff had stolen and abused during the course of her employment, Capozzi & Associates submitted an inquiry for a summary report regarding her employment status and her credit background to determine her collectability of the money owed to Advanced Center for Infertility.

31. Capozzi & Associates did not print or save the summary report because the report lacked any significant credit history or useful information. Accordingly, Capozzi & Associates did not publish any credit information to its client or any third party.

32. Capozzi & Associates did not file a negative credit report to Equifax as is commonly found in Complaints under the FCRA.

33. Capozzi & Associates did not call or harass Plaintiff in any way as is commonly found in Complaints under the FCRA.

34. Capozzi & Associates did not take any actions whatsoever against Plaintiff because Plaintiff did not pursue her original demands for money or claim for worker's compensation against Advanced Center for Infertility. The owner of Advanced Center for Infertility decided to put his exhausting and negative employment experience with Lahneen Slantis behind him.

35. Capozzi & Associates' single inquiry did not result in a decrease in Plaintiff's credit score or any errors in her file as is commonly found in Complaints under the FCRA.

36. On June 26, 2008, which is less than six months after the date of the inquiry, Capozzi & Associates exercised caution and requested Equifax to remove or "mask" the inquiry as a result of Capozzi & Associates' knowledge of Plaintiff's demonstrated vindictiveness against her former employer.

37. Capozzi & Associates believes that Plaintiff had already requested Equifax in early 2008 to mask the inquiry. Accordingly, Plaintiff's credit file included the inquiry for only several months.

38. Capozzi & Associates asserts an affirmative defense on the basis that the Plaintiff has "unclean hands" in matters that are related to this Complaint.

39. Plaintiff retained counsel to demand money and threaten civil action against the Advanced Center for Infertility as compensation for her unemployment despite the facts that she voluntarily ceased her employment on January 19, 2007 and was denied her unemployment compensation claim by the PA Department of Labor & Industry.

40. The Advanced Center for Infertility retained Capozzi & Associates to defend itself against Plaintiff's demands, harassment, and claims.

41. As referenced in Exhibit B, Plaintiff simultaneously filed a claim against her disability insurance carrier that she was "unavailable for work" and an unemployment compensation claim fraudulently representing that she was "available" and "able to work".

42. Despite the requirement under the Consent Order that she report her employment status to the State Board of Nursing, she worked with another employer without reporting her change in status while she was collecting payments from her disability insurance carrier.

43. Her actions violated the terms of her Consent Agreement and Court Order and constitute insurance fraud under 18 Pa.C.S.A. §4117(a).

44. Her criminal and vindictive actions during and after her employment with Advanced Center for Infertility, and her post-employment harassment of her previous employer, gave Capozzi & Associates cause to fully prepare a defense and counterclaim in the likely event that Plaintiff would file a civil complaint against its client.

45. To date, Lahneen Slantis has not compensated, or offered to compensate, Advanced Center for Infertility for financial losses that resulted from her theft of prescription medication during the course of her employment.

**WHEREFORE**, Capozzi & Associates requests this Court enter an Order denying judgment for statutory, actual, and punitive damages.

## COUNTERCLAIM

46. Capozzi & Associates incorporates its responses to paragraphs 1-45.

47. Sections 617 and 618 of the FCRA allows a defendant to an action filed under the FCRA in bad faith or for the purpose of harassment, this Court may award the defendant reasonable attorneys fees incurred in responding to the complaint.

48. Plaintiff filed this action in retaliation for Capozzi & Associates' refusal to offer Plaintiff a settlement in response to her threats as referenced in Attorney Louis Capozzi's letter to Plaintiff referenced as Exhibit B.

49. Plaintiff filed this action in bad faith knowing that no adverse actions had been taken against her, no negative credit report had been filed, that the inquiry had been "masked" soon after she discovered the inquiry, and that she has alleged a cause of action for "actual damages" and "mental anguish" without any particularity or minimal evidence whatsoever.

50. Capozzi & Associates has incurred at least $1,000.00 in attorney fees and costs in preparing a response to the instant Complaint.

**WHEREFORE,** Capozzi & Associates requests this Court enter an Order pursuant to §617 or §618 of the FCRA allowing an award in the amount of the attorneys fees and costs that Capozzi & Associates has incurred in responding to the Complaint.

Respectfully submitted,

Date: 2-2-09

*[signature]*

Andrew R. Eisemann, Esquire
Attorney I.D. No.: 87441
Capozzi & Associates, P.C.
2933 N. Front Street
Harrisburg, PA 17110
(717) 233-4101
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Lehneen Slantis,** : | |
| **Plaintiff** : | |
| v. : | Case No.: 1:09-CV-0049 |
| **Capozzi & Associates, P.C.,** : | |
| **Defendant** : | |

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on February 2, 2009, I served a copy of the foregoing Plaintiff's Answer to Defendant's Complaint on the following parties by first class United States mail, postage prepaid addressed as follows:

Frank P. Clark, Esquire
Clark & Krevsky, LLC
P. O. Box 1254
Camp Hill, PA 17001-1254

I certify under penalty of perjury that the foregoing is true and correct.

Date: February 2, 2009              //s// Andrew R. Eisemann, Esquire
                                    Attorney I.D. No. 87441
                                    Capozzi & Associates, P.C.
                                    2933 N. Front Street
                                    Harrisburg, PA 17110
                                    (717) 233-4101