# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAHNEEN SLANTIS, | : | No. 1:09-cv-049 |
| Plaintiff | : | |
| | : | Judge Conner |
| v. | : | |
| | : | Jury Trial Demanded |
| CAPOZZI & ASSOCIATES, P.C., | : | |
| Defendant | : | *Electronically Filed* |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL

**PROCEDURAL HISTORY OF THE CASE**

Before the Court is Plaintiff's Motion to Disqualify Defendant's Counsel (Doc. 17). Procedurally, Plaintiff filed a Complaint in this action on or about January 9, 2009, against Defendant Capozzi & Associates, P.C., a law firm (the "Capozzi firm"), alleging that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Plaintiff alleges that Defendant improperly accessed and used her credit report for purposes not permitted under the FCRA and is liable to her for damages therein. The instant Motion was filed on May 15, 2009.

**STATEMENT OF FACTS**

The chronological facts relating to the Motion derive from the involvement of attorneys from the Capozzi firm as both witness and advocates. Two attorneys affiliated with the Capozzi firm, Andrew R. Eisemann and Trudy A. Mintz, have entered their appearances on behalf of Defendant. (Doc. 17, ¶ 3). In the Joint Case Management Plan (Doc. 14), Defendant disclosed that Louis J. Capozzi, an attorney and principal with the Capozzi firm, will be a witness for Defendants. Plaintiff additionally alleges in her Motion that in pre-complaint discussions with Defendant, Attorney Eisemann disclosed that he also had a role in accessing Plaintiff's credit report and reviewed the document the firm obtained. (Doc. 17, ¶ 4).

Plaintiff advised Defendant prior to the Court's Case Management Conference of her intent to seek Disqualification of Defendant's Counsel for a conflict of interest and his role as a witness. (Doc. 17, ¶ 5). Plaintiff files its Motion contending that the participation of Mr. Capozzi as a party and witness, and/or the likely participation of Mr. Eisemann as a witness, violate L.R. 43.1 and warrant the disqualification of the law firm Capozzi & Associates, P.C.

**STATEMENT OF QUESTION INVOLVED**

1. Should attorneys from the firm of Capozzi & Associates, P.C. be disqualified from representing the Defendant under L.R. 43.1?

[Plaintiff suggests an Answer in the affirmative]

**ARGUMENT**

**I.    THE FIRM OF CAPOZZI & ASSOCIATES, P.C. SHOULD BE DISQUALIFIED PURSUANT TO L.R. 43.1 FROM REPRESENTING THE CAPOZZI FIRM IN THE ABOVE CAPTIONED MATTER.**

At issue is whether attorneys with Defendant Capozzi & Associates, P.C. (the "Capozzi firm") should be disqualified pursuant to L.R. 43.1 from representing the Capozzi firm in the above captioned matter. The merits of the matter arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and allege that the Capozzi firm unlawfully accessed and used Plaintiff's consumer information from a consumer reporting agency in violation of the FCRA. Plaintiff further alleges that Defendant used false pretenses to access her consumer file by falsely certifying to a consumer reporting agency that it had a permissible purpose, that Defendant acted willfully and Plaintiff requests an award of punitive damages. See Complaint (Doc. 1 at ¶¶ 12, 14, 15, 17, 18 and 21). The acts of Defendant's members and employees are directly at issue. The willfulness issues will require examining if Defendant acted in "reckless disregard" of whether its policy "contravenes a [consumer's] rights" or "knowingly and intentionally

committed an act in conscious disregard for the rights of others." *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997). The punitive damages issue requires examining, among other things, Defendant's practices and pattern of other similar violations. *See* **Saunders v. Branch Banking & Trust Co. of Virginia**, 526 F.3d 142, 153 (4th Cir. 2008) (following **State Farm Mut. Auto Ins. Co. v. Campbell**, 538 U.S. 408 (2003), listing of reprehensible factors for punitive damages award includes whether the violation involved repeated actions or an isolated incident).

These issues require discovery into Defendant's practices and policies as a whole in the access and use of consumer reports, training and oversight of personnel, other incidents of similar violations and attempts Defendant has made to determine if its practices comply with the FCRA. The issues require examination of the attorneys and staff, management and non-management employees. The conduct of the firm as a whole is relevant, not just its name-sake attorney and one of the associates.

The Capozzi firm is a Harrisburg law firm that in its Rule 26 disclosures identified its principal, Louis J. Capozzi, as a witness on behalf of the firm. Further, Andrew Eisemann, one of the attorneys entering an appearance for Defendant in this matter, himself affiliated with the Capozzi firm, has represented to Plaintiff's counsel that he himself played a role in the access to and use of

Plaintiff's consumer report; while Mr. Eisemann is not presently disclosed by Defendant as a witness, Plaintiff has identified him as a witness in its Rule 26 disclosures because he claims to be the person that caused Defendant to access Plaintiff's consumer report. Mr. Eisemann's testimony is essential in this case because his acts give rise to liability. Under the circumstances, Defendant has provided explicit information showing that two of its attorneys will be testifying on the merits of the case, and since the practices of the firm are at issue, there may be others. Under Local Rule 43.1, the immediate disqualification of the entire firm is warranted. Plaintiff's Motion should be granted.

> L.R. 43.1 of this court provides as follows:
>
> "If an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court."
>
> *Id*.

Commitment of this matter to the district court's discretion means that the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without

excessive restrictions. *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (citations omitted).

Cases arising under L.R. 43.1 distinguish whether the motion pertains to trial matters or pre-dispositive motion practice. *See Robinson v. Hicks*, 2009 U.S. Dist. LEXIS 35730 (M.D. Pa. 2009). Although the instant case is presently in pre-trial discovery, Defendant's disclosure of Attorney Capozzi as a witness and the involvement of Attorney Capozzi, Attorney Eisemann and other members or employees of the Defendant firm in proof on key issues in this case trigger the Capozzi firm's obligation under L.R. 43.1 to withdraw as counsel.

This case presents a compelling reason for disqualification and is distinct from the case of *Robinson*, where this Court recently denied a motion to disqualify. At issue in *Robinson* was whether Plaintiff's counsel should be disqualified on the basis that his past interactions with several defendants may be so similar to issues in dispute so as to require his trial testimony. In *Robinson*, the Court noted that courts generally decline to consider disqualification under Rule 3.7(a) and Local Rule 43.1 prior to dispositive motions. *See id*. at 4 and cases cited therein. The cases cited in *Robinson*, however, raised issues where the attorney was a potential witness on issues tangential to the merits of the matter. *See*, *e.g.*, *Evans v. Chichester Sch. Dist.*, 533 F. Supp. 2d 523, 538-39 (E.D. Pa. 2008) (denying motion to disqualify plaintiff's counsel on the ground that counsel was a

plaintiff in a related lawsuit arising from the same set of facts); *Foster v. JLG Indus.*, 372 F. Supp. 2d 792, 798-99 (M.D. Pa. 2005) (denying pre-trial disqualification of defense counsel where Plaintiff failed to make showing that defense counsel had any involvement in the events giving rise to Plaintiff's complaint); *Pyne v. Procacci Bros. Sales Corp.*, 1997 U.S. Dist. LEXIS 15672 (E.D. Pa. 1997) (denying disqualification of defense counsel where there was no showing that counsel, who participated in pre-litigation mediation of case, obtained information from plaintiff that would prejudice plaintiff's ability to prosecute the action).

In *Robinson*, the Court also found that plaintiff's counsel's testimony would have at best tangential relevance to the claims at issue; the Court exercised discretion to deny his disqualification without prejudice to the defendant's right to renew the motions following summary judgment proceedings. Indeed, deferring disqualification in *Robinson* was prudent where the evidence that potentially required plaintiff counsel's testimony might prove to be immaterial to the issues in the case or, if material, might nonetheless be obtained through other witnesses. But in the instant matter, there is no issue of tangential relevance: the testimony of Attorney Capozzi, Attorney Eisemann and other members or employees of the Capozzi firm go to the core of the Defendant's actions upon which liability and the

size of a verdict depend. They are key witnesses for both parties on the merits of the case and even Defendant has made this clear in its Rule 26 disclosures.

The rules separating the roles of trial advocate from witness are designed to minimize the risk of confusion when a person both testifies as to evidence while he or she explains and comments on evidence given by others. *See **Robinson***, at 4, *citing* PA. R. PROF'L CONDUCT 3.7 cmt. [2]. With Attorney Capozzi, Attorney Eisemann and other members or employees of Defendant testifying, the Capozzi firm will commingle both roles and deny the jury a clear delineation as what is testimonial evidence from a witness and what is an explanation of testimonial evidence from a trial advocate.

Further, the local rule requires immediate withdrawal by the attorney. Having disclosed Mr. Capozzi as a trial witness on a material issue, and having Attorney Eisemann and other members and employees of the firm as key witnesses, the entire firm is obligated to withdraw by the express language of L.R. 43.1.

**CONCLUSION**

      The Plaintiff's Motion should be granted.

                                        Respectfully submitted,

Dated: May 29, 2009                s/ Gordon R. Leech

                                        GORDON R. LEECH, ESQ.
                                        Wis. Bar ID #1039489
                                        Samster Konkel & Safran SC
                                        1110 N. Old World Third St., Ste. 405
                                        Milwaukee, WI 53203
                                        Tel: 414-224-0400
                                        Fax: 414-224-0280
                                        Email: gleech@skslawyers.com

                                        Co-Counsel for Plaintiff:

                                        s/ Frank P. Clark
                                        FRANK P. CLARK, ESQ.
                                        Pa Bar ID #35443
                                        Clark & Krevsky, LLC
                                        P.O. Box 1254
                                        Camp Hill, PA 17001-1254
                                        Tel: 717-731-8600
                                        Fax: 717-731-4764
                                        Email: fpc@clark-krevskylaw.com

# CERTIFICATE OF SERVICE

I, Frank P. Clark, hereby certify that on this 29th day of May, 2009, a true and correct copy of the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL was served upon the below named persons via the Court's electronic filing systems:

>Andrew R. Eisemann, Esq.
>Trudy A. Mintz, Esq.
>CAPOZZI & ASSOCIATES, P.C.
>2933 North Front Street
>Harrisburg, PA  17110

s/ Frank P. Clark