**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAHNEEN SLANTIS, | : | **CIVIL ACTION NO. 1:09-CV-0049** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| CAPOZZI & ASSOCIATES, P.C., | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 7th day of July, 2009, upon consideration of the motion

(Doc. 17) to disqualify defendant's counsel, and of the brief in support (Doc. 18) filed

on May 29, 2009, and it appearing that defendant neglected to file a brief in

opposition within the time prescribed by Local Rule 7.6, and that the court

instructed defendant to submit a brief in opposition no later than July 6, 2009, (see

Doc. 19), and it further appearing that defendant filed a response (Doc. 20) to

plaintiff's motion on the same date, that the response fails to identify controlling

case law in support of defendant's position,[1] that it contains no application of

---

[1] The only authority cited in defendant's response is Local Rule 43.1, which plaintiff's brief identified and which provides that "[i]f an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court." L.R. 43.1. This bald citation to a single Local Rule hardly constitutes a complete explication of the issues raised in plaintiff's motion, which are concurrently governed by Rule 3.7(a) of the Pennsylvania Rules of Professional Conduct, see L.R. 83.23.2 (applying Pennsylvania Rules of Professional Conduct to attorneys practicing before this court), and by the decisions of numerous state and federal tribunals that have interpreted this rule. The Local Rules of Court require defendant's counsel to respond to plaintiff's motion by identifying controlling judicial authorities and by advocating their application to the facts of this case. See L.R. 7.6, 7.8(a). A single citation to the Local Rules of Court will not suffice.

judicial decisions to the facts of this case, and that the response therefore fails to

comply with the requirements of Local Rule 7.8(a), it is hereby ORDERED that:

1.  On or before **5:00 p.m. on Friday, July 10, 2009**, defendants shall file a
    brief in opposition to the motion to disqualify (Doc. 17).  The motion
    shall comply in all respects with the content requirements of Local
    Rule 7.8(a) and shall identify pertinent authority from the United
    States Court of Appeals for the Third Circuit, the district courts
    subject to its appellate jurisdiction, and Pennsylvania authorities
    interpreting ethical rules relevant to the issues raised in the motion to
    disqualify.

2.  Failure to comply with the preceding paragraph may result in the
    motion to disqualify (Doc. 17) being deemed unopposed or in the
    disqualification of defendant's counsel as requested therein.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge