IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Lahneen Slantis,** | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: 1:09-CV-0049 |
| **Capozzi & Associates, P.C.,** | : | |
| **Defendant** | : | *Electronically Filed* |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL

**PROCEDURAL HISTORY**

A Motion to Disqualify Defendant's Counsel is currently before the Court. Plaintiff filed this Motion on or about March 15, 2009 alleging that counsel of record must be disqualified on the grounds that they have been named by the Plaintiff as a material witness in the case or are likely to be named as a witness in the future. Andrew Eisemann, an associate attorney in the firm of Capozzi and Associates, PC, subsequently withdrew as attorney of record. Trudy A. Marietta Mintz, also an associate attorney in the firm of Capozzi and Associates, PC, respectfully submits to this Honorable Court that there is no bar to her representation of the Defendant.

**STATEMENT OF FACTS**

Plaintiff seeks in their Motion to Disqualify Defendant's Counsel any and all attorneys from the firm of Capozzi and Associates, PC, citing L.R. 43.1 as a basis for their argument. Plaintiff contends that any and all attorneys from the firm <u>may</u> (emphasis added) be deposed and called to testify in relation to practices and procedures of the firm at the time of the event complained of by the Plaintiff. Ms. Marietta Mintz had no association with the firm during the events in question and, as such, has no personal knowledge that may be elicited as testimony by either party to this case.

1

**STATEMENT OF QUESTION INVOLVED**

Should all attorneys from the firm of Capozzi & Associates, P.C. be disqualified from representing the Defendant under L.R. 43.1?

**ANSWER**

No.  Attorneys who have personal knowledge of the events complained of by the Plaintiff and who are likely to be called as witnesses have withdrawn their appearance.  Any attorney within Capozzi and Associates who does not have personal knowledge of the event or of the practices and procedures in place at the time of the event is not a potential witness and therefore may not be disqualified under L.R. 43.1 or Pa. R.C.P. 3.7.

**ARGUMENT**

    **1.  PLAINTIFF HAS FAILED TO DEMONSTRATE THAT COUNSEL IS NECESSARY AS A WITNESS**

In the very recently issued decision of the United States District Court for the Eastern District of Pennsylvania, the Court held that the Plaintiff bears the burden to show why allowing a party's selected counsel to continue representation would be impermissible.  ***Regional Employers' Assurance League Voluntary Employees' Beneficiary Assoc. Trust v. Castellano***, 209 WL 1911671 (E.D.Pa. 2009).  They go on to state that "vague and unsupported allegations are not sufficient to meet this burden." *Id.* at 2.  In the above-cited case, the Defendants moved to disqualify the Plaintiff's attorney, as well as his entire firm, on the grounds that the attorney was a potential trial witness and that his continued representation violated Pa. R.P.C. 3.7(a)(3). *Id.* at 3 & 4.  The Court, however, was unconvinced due to a lack of showing as to likelihood of

calling the attorney as a witness and found that the Plaintiff would suffer a hardship if denied the counsel of her choice. *Id.* at 4.

In the instant case, the attorneys who have been named as witnesses by the Plaintiff have withdrawn their appearance and do not seek to represent the firm. The attorney of record, Trudy A. Marietta Mintz, has not been listed as a witness. Plaintiff has offered no information regarding the discovery she expect to obtain from Ms. Mintz nor has she made inquiries regarding the possible personal knowledge that Ms. Mintz may have regarding this case. Rather, the Plaintiff seeks to disqualify the entire firm and all of its attorneys merely by suggesting that they may be called as witnesses on "practices and procedures." **Brief in Support of Plaintiff's Motion to Disqualify Defendant's Counsel** at ¶ 5. Defendant respectfully suggests that this be considered a "vague and unsupported allegation."

While the Rules of Professional Conduct do include the bar to an attorney acting as an advocate in a trial at which he is also a witness, the Rules also state that "a lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Pa. R.P.C. 3.7(b). No conflicts exist in this case that would preclude counsel from representation under either Rule 1.7 or Rule 1.9. Therefore, here are no rules of ethical conduct preventing an attorney from the firm of Capozzi and Associates who has not been listed as a witness to act as counsel

## 2. ONLY THE PRACTICES AND PROCEDURES OF THE FIRM OF CAPOZZI AND ASSOCIATES IN PLACE AT THE TIME OF THE EVENT COMPLAINED OF ARE ADMISSIBLE

Plaintiff argues that attorneys with Defendant Capozzi and Associates, P.C. should be

3

disqualified pursuant to L.R. 43.1 on the grounds that the practices and policies of the firm as they relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* must be examined.  ***Brief in Support of Plaintiff's Motion to Disqualify Defendant's Counsel*** at ¶ 3 & 4.  Defendant goes on to state that, not only actions taken at the time but "attempts made to determine if its practices comply with the FCRA" are at issue.  *Id.* at 4.  Not by way of admission but by way of illustration, any actions of this sort taken by the Defendant would be inadmissible under Fed. R. Evid. 407 which specifically excludes on public policy grounds any attempt at subsequent ameliorative actions.  ***Luers v. Snyder***, 599 F.Supp. 1459 (1984).  Only policies and procedures in place at the time of the event complained of are relevant and admissible in this matter, not actions that may or may not have been taken as a result of threatened or pending litigation.

     As with all testimony, under Fed. R. Evid. 602, only persons with personal knowledge of the issues may testify.  An attorney who was not employed by the firm at the time of the event complained of could have no personal knowledge regarding the event itself or the firm policies and practices in place at the time.  Trudy A. Marietta Mintz, current attorney of record for Defendant, was not associated in any way with the firm of Capozzi and Associates at the time of the event and did not become associated with Capozzi and Associates until December 1, 2008.  Any attempt to depose Ms. Mintz as to the events complained of would be a fruitless exercise.  Defendant respectfully submits that Plaintiff's attempt to disqualify any and all attorneys from the firm of Capozzi and Associates, including one who could not possibly shed any light on events that occurred or policies that were in place one year prior to her arrival, is an attempt to increase the cost of litigation and deny the Defendant their choice of counsel.

### 3. LOCAL RULE 43.1 DOES NOT REQUIRE DISQUALIFICATION OF THE ENTIRE FIRM

Plaintiff states in their Brief in Support that "the entire firm is obligated to withdraw by the express language of L.R. 43.1." The exact language of the Rule states:

> "If an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case, the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court."

No where in the "express language" of the Rule is the status of attorneys who are not named as witnesses even mentioned. It is unclear how persons who are not contemplated within the Rule could be obligated by it. However, the Pennsylvania Rules of Professional Conduct do plainly consider the potential for other attorneys in a firm to participate in a case and specifically allow a non-witness attorney to remain as counsel, provided there are no conflict issues. Pa. R.C.P. 3.7(b). Here, Ms. Marietta Mintz has not been named as a witness, could not reasonably be called as a witness, and has no conflict of interest issues. Therefore, there are no grounds to disqualify her as counsel in the above captioned matter.

**CONCLUSION**

In the above cited case, the Court held that disqualification is to be viewed as "an "extreme sanction" that should not be imposed lightly." ***Regional Employers' Assurance League Voluntary Employees' Beneficiary Assoc. Trust***, 2009 at 2. Plaintiff has failed to show the need to disqualify an attorney who was not present at the firm during the event complained of. Plaintiff's Motion to Disqualify should not be granted.

Respectfully submitted,

s/ Trudy A. Marietta Mintz
TRUDY A. MARIETTA MINTZ, ESQ.
Pa Bar ID 208523
Capozzi and Associates, P.C.
2933 North Front Street
Harrisburg, PA  17110
Tele: (717) 233-4101
Fax:  (717) 233-4104
email: trudym@capozziassociates.com

## CERTIFICATE OF SERVICE

I, Trudy A. Marietta Mintz, hereby certify that on this tenth day of July, 2009, a true and correct copy of the foregoing Brief in Support of Defendant's Motion in Opposition to Plaintiff's Motion to Disqualify Defendant's Counsel was served upon the below named persons via the Court's electronic filing systems:

Gordon R. Leech, Esq.
Samster, Konkel & Safran, SC
1110 N. Old World Third St.
Ste. 405
Milwaukee, WI  53203

Frank P. Clark, Esq.
Clark & Krevsky, LLC
PO BOX 1254
Camp Hill, PA  17001-1254

                                              s/ Trudy A. Marietta Mintz
                                              TRUDY A. MARIETTA MINTZ