UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAHNEEN SLANTIS, <br>     Plaintiff <br><br> v. <br><br> CAPOZZI & ASSOCIATES, P.C., <br>     Defendants | NO.: 1:09-CV-00049-CCC <br><br> (JUDGE CONNER) <br> (MAGISTRATE JUDGE PRINCE) |

## **OPINION OF THE COURT**

Pursuant to an Order entered on August 2, 2010 (Doc. 70), Honorable Christopher Conner referred plaintiff's pending motion in limine to the undersigned Magistrate Judge.

## I. Background

This case is about access made by defendant Capozzi & Associates (C&A) to plaintiff Slantis's credit report. Plaintiff alleges that C&A's access was unauthorized and lacked a legitimate business need, thus violating the federal Fair Credit Reporting Act (FCRA), 15 U.S.C.A. §§ 1601–1693r (West 2010). Defendant asserts that its credit inquiry, made as part of preparation for litigation, was permissible, and seeks to introduce a variety of evidence to support its position. A portion of this evidence comprises the subject of plaintiff's pending motion in limine (Doc. 63), filed June 16, 2010, which seeks to bar defendant's introduction of ten different items or categories of evidence. Plaintiff filed a brief in support (Doc. 64) and defendants a brief in opposition (Doc. 67); plaintiffs responded with a reply brief (Doc. 69), making this motion ripe for adjudication.

## II. Discussion

*(A) Overview of the law of evidence*

The Federal Rules of Evidence are designed to facilitate the introduction of evidence; relevant evidence is, by default, admissible unless the governing rules provide to the contrary. *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir. 1996) (citing *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988)); Fed. R. Evid. 402. The foundational definition of relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." Fed. R. Evid. 401. This definition sets a low threshold for admissibility. *Hurley v. Atl. City Police Dept.*, 174 F.3d 95, 110 (3d Cir. 1999).

However, relevancy has its limits. A trial judge has broad discretion to exclude evidence that, although relevant, has a probative value that is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As a general matter, evidence of a person's character is inadmissible to prove their propensity to act in a certain way, with certain specific exceptions for matters including motive, intent, and a witness's reputation for truthfulness. Fed. R. Evid. 404, 607–09.

Matters of relevance and evidentiary exclusion are generally left to the discretion of the trial judge. *Livingstone v. N. Bell Vernon Borough*, 91 F.3d 515, 524 (3d Cir. 1996). In making its determination, a court is not bound by the rules of evidence, except for those concerning privileges. Fed. R. Evid. 104(a). A court is thus free to examine any nonprivileged material within or without the record to determine whether a particular item of evidence may be admitted.

### (B) Matters sought to be excluded

In her motion in limine, plaintiff requests that the following ten categories or specific articles be excluded from evidence:

(A)  Evidence that plaintiff is a criminal, has committed criminal acts, or has a criminal record.

(B)  Evidence that plaintiff committed insurance fraud or made misrepresentations to an insurance carrier.

(C)  Evidence of any misconduct by plaintiff during her employment with Advanced Center for Infertility and Reproductive Medicine (the Center).

(D)  Evidence concerning plaintiff's drug use.

(E)  Evidence that plaintiff did violate or may have violated the terms of the May 23, 2006 Consent Agreement with the Department of Nursing.

(F)  Evidence that plaintiff's legal claims against the Center were frivolous, for the purpose of harrassment, or otherwise lacking in merit.

(G)  Evidence regarding the status of plaintiff's financial obligations to the Center.

(H)  A letter from Louis Capozzi to Frank Clark dated January 3, 2007.

(I)  The Consent Agreement and Order of May 23, 2006.

(J)  Copies or portions of plaintiff's consumer file or reports, or characterizations or opinions formed from the reports.

### (C) Relevance

Relevance is determined by reference to the claims to be proven. If an item of evidence does not relate to any of the elements of plaintiff's FCRA claim or defendant's

defense, the item is irrelevant and should be excluded; otherwise, it will be admissible.

In order to establish a violation of the FCRA for obtaining a credit report without a legitimate business need, plaintiff must prove that (1) there was a consumer report; (2) defendant used or obtained it; (3) defendant did so without a permissible statutory purpose; and (4) defendant was negligent or willful in so doing. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). Because there is no dispute that there was a consumer report and that defendant obtained it, evidence in this case is relevant to a fact or matter in issue only if it relates to one of the two remaining elements: defendant's purpose in obtaining the report and whether defendant was negligent or willful.

Defendant has offered two reasons for obtaining the report: first, to determine whether a counterclaim in a suit between plaintiff and defendant's client "would be financially worth raising" (Doc. 49, at 5), and second, "because of a concern about the responsibility [that plaintiff's employer had] with regard to [p]laintiff's consent order with the Department of Nursing" (*id.* at 6). However, neither of these two reasons constitutes a "legitimate business need" under the FCRA. The only possible section of the FCRA that would legitimize defendant's access in this case is 15 U.S.C.A § 1681b(a)(3)(F)(i), which allows consumer reports to be furnished "in connection with a business transaction that is initiated by the customer." Defendant has not cited, and the Court cannot find, any case that has held obtaining a consumer report permissible under this section based on analogous facts or comparable ostensible purposes.[1] Even were

---

[1] Defendant cited a handful of cases that purportedly held obtaining consumer reports permissible under § 1681b(a)(3)(F)(i) for the purpose of preparing for litigation, but every one of those cases is readily distinguishable. *See Korotki v. Thomas, Ronald & Cooper, P.A.*, No. 96-1877 1997 WL 753322, at *2 (4th Cir. Sept. 29, 1997), *aff'g Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269 (D. Md. 1996) (prior to 1996 FCRA amendments, in underlying case about debt collection on a contract, use of credit report to

defendant to prove that its purposes were, in fact, what it claimed them to be, they would still be impermissible under the statute, making any evidence on this point irrelevant to the third element described in *Phillips*.

The fourth *Phillips* element relates to the degree of culpability in an impermissible access of a credit report: either willful noncompliance (15 U.S.C.A. § 1681n) or negligent noncompliance (*id.* § 1681*o*). Previously, § 1681n's willful-noncompliance provision applied only if a defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 970 (3d Cir. 1996)). However, in 2007, the Supreme Court lowered the bar for what constitutes willful

---

find an alternate address at which to serve appellant held to be a legitimate business need); *Minter v. AAA Cook County Consolidation, Inc.*, No. 02-C-8698, 2004 WL 1630781, at *1 (N.D. Ill. July 19, 2004) (quoting *Allen v. Kirkland & Ellis*, No. 91-C-82721, 1992 WL 206285, at *2 (N.D. Ill. Aug. 17, 1992)) (in dicta, in a case concerning a credit report accessed in the context of plaintiff's dealings with a debt-consolidation company, court stated that preparation for litigation constitutes a legitimate business need, citing for support an unpublished trial-court opinion authored before the 1996 FCRA amendments); *James v. Interstate Credit Collection, Inc.*, No. 03-CV-1037, 2005 WL 1017819, at *1–2 (E.D. Pa. Apr. 28, 2005) (when defendant had obtained plaintiff's consumer report to determine whether a specific disputed debt had been removed from the report, court relied on *Minter* to support statement that preparation for litigation is a permissible purpose). *Contra, e.g.*, *Houghton v. N.J. Mfrs. Ins. Co.*, 795 F.2d 1144, 1149 (3d Cir. 1986) (narrowly construing the statutory predecessor to § 1681b(a)(3)(F)(i), and requiring that a "consumer relationship" exist between the party requesting the report and the subject of the report); *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) (defendant obtained credit report to determine whether plaintiff had sufficient assets to pay a judgment; held impermissible under statutory predecessor to § 1681b(a)(3)(F)(i)); *Cappetta v. GC Servs. Ltd. P'ship*, 654 F. Supp. 2d 453, 459 (E.D. Va. 2009) (noting that 1996 FCRA amendments imposed a stricter standard under the "legitimate business need" rule than had been in effect previously).

noncompliance, which now includes both knowing and reckless violations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–57 (2007) (citing, e.g., *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988)). Accordingly, any evidence relating to defendant's negligent, reckless, or knowing access of plaintiff's credit report would be relevant under Federal Rule of Evidence 401 and admissible under Rule 402.

Evidence relevant to the fourth *Phillips* element should, therefore, address defendant's state of mind during or prior to access of plaintiff's credit report, its knowledge or lack thereof concerning the statutorily defined permissible purposes, or any actions that defendant took to discharge its duty of care in attempting to ensure compliance with FCRA. But none of the evidence that plaintiff seeks to exclude has anything to do with whether defendant acted negligently, recklessly, or knowingly in improperly accessing plaintiff's credit report. Defendant's brief opposing the motion in limine consists of nothing more than a summary of evidence and FCRA law followed by a series of statements insisting, without any argument or support, that the evidence at issue here is relevant. (*See* Doc. 67, at 4–7 (reviewing evidence law); *id.* at 7–9 (reviewing FCRA law); *id.* at 9–12 (proclaiming, e.g., that "the evidence here reveals why [d]efendant acted as it did"; that evidence of plaintiff's misconduct during her employment "is relevant"; that it "is certainly relevant" to consider evidence about how plaintiff's claims against her employer should be characterized; and that plaintiff's ostensible unpaid obligations to her employer are "similarly relevant.") At best, the bulk of this evidence relates to defendant's purpose in obtaining the credit report, but defendant will gain nothing by offering evidence of why it obtained the report for an impermissible purpose. Evidence about plaintiff's actions, of whatever sort, have no bearing on defendant's negligence, recklessness, or knowledge, because such evidence sheds no light on defendant's state of mind.

6

All of the evidence at issue in plaintiff's motion in limine fails to meet the threshold requirement of relevance under the Federal Rules. None of this evidence has any probative value in relation to any of the disputed issues in this case.

### (D) Prejudice

In its opposing brief, defendant properly points out that motions in limine should be treated with caution, particularly under Rule 403. "Rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*," because a court "cannot fairly ascertain the potential relevance for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *Walden v. Georgia Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) (quoting In re *Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

But Rule 403, under which evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice," only operates on evidence that is relevant in the first place. Relevant evidence offered by a party, although it may at the pretrial stage appear to be unduly prejudicial, may differ from what is actually presented at trial, which provides good reason for circumspection in disallowing a party from presenting the evidence at all. *See Walden*, 126 F.3d at 518 n.10 (quoting *Luce v. United States*, 369 U.S. 38, 41–42 (1984)) (noting that in-limine rulings may change at trial, "particularly if the actual testimony differs from what was contained in the . . . proffer").

This concern about an inability to accurately weigh probative value and risk of unfair prejudice disappears when the proffered evidence has no probative value. As discussed in the preceding section, none of the evidence that plaintiff seeks to exclude would shed any light on disputes material to this case. Because this evidence can properly be excluded solely on relevance grounds, plaintiff's motion in limine may be granted without running afoul of the Third Circuit's statement that Rule 403 determinations are

7

"unfair and improper" if made before the record has been developed at trial. *Id.* (quoting In re *Paoli*, 916 F.2d at 859).

An order will be issued in conformity with this opinion.

s/ William T. Prince
William T. Prince
United States Magistrate Judge

August 9, 2010