# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAHNEEN SLANTIS,** | : | CIVIL ACTION NO. 1:09-CV-049 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **CAPOZZI & ASSOCIATES, P.C.,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 23rd day of November, 2010, upon consideration of the report of United States Magistrate Judge William T. Prince (Doc. 73), recommending that plaintiff's motion for summary judgment (Doc. 38) be granted, and defendant's motion for partial summary judgment(Doc. 39) be denied, and, following an independent review of the record and noting that defendant Capozzi & Associates, P.C., filed objections[1] to the report on August 23, 2010 (Doc. 76), and the court finding Judge Prince's analysis to be thorough and well-reasoned, and the court finding defendant's objections to be

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

without merit and squarely addressed by Judge Prince's Memorandum and Order of August 9, 2010 (Doc. 72)[2], as well as his report (Doc. 73), it is hereby ORDERED that:

1. The report of Magistrate Judge Prince (Doc. 73) is ADOPTED.

2. Plaintiff's motion for summary judgment (Doc. 38) is GRANTED as to the matters of defendant's lack of permissible purpose under FCRA and as to defendant's failure to show that plaintiff's claim was in bad faith or for the purposes of harassment and DENIED as to the matter of defendant's state of mind.

3. Defendant's motion for partial summary judgment (Doc. 39) is DENIED.

4. Defendant's counterclaim is hereby DISMISSED.

5. This matter shall be scheduled for trial by future order of the court.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]As it relates to defendant's argument that Judge Prince's August 9, 2010, ruling and the August 10, 2010, Report and Recommendation are "inconsistent" and that defendant cannot establish state of mind without the evidence excluded by the August 9, 2010, ruling, the court cannot improve upon Judge Prince's explication:

> Evidence relevant to the fourth *Phillips* element should, therefore, address defendant's state of mind during or prior to access of plaintiff's credit report, its knowledge or lack thereof concerning the statutorily defined permissible purposes, or any actions that defendant took to discharge its duty of care in attempting to ensure compliance with FCRA. But none of the evidence that plaintiff seeks to exclude has anything to do with whether defendant acted negligently, recklessly, or knowingly in improperly accessing plaintiff's credit report.
>
> * * * *
>
> At best, the bulk of this evidence relates to defendant's purpose in obtaining the credit report, but defendant will gain nothing by offering evidence of why it obtained the report for an impermissible purpose. Evidence about plaintiff's actions, of whatever sort, have no bearing on defendant's negligence, recklessness, or knowledge, because such evidence sheds no light on defendant's state of mind.