**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAHNEEN SLANTIS,** | : | **CIVIL ACTION NO. 1:09-CV-049** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CAPOZZI & ASSOCIATES, P.C.,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Plaintiff Lahneen Slantis ("Slantis") brought this action against defendant

Capozzi & Associates, P.C. ("Capozzi") pursuant to the Fair Credit Reporting Act,

15 U.S.C. §1681 *et seq.* Presently before the court is Slantis' motion (Doc. 84) for

award of costs and attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(1) and (2).

Capozzi opposes the amount claimed, arguing that the hours Slantis' counsel billed

and the rates at which they billed were excessive, and that several expenses are not

recoverable under statutory provisions. The motion has been fully briefed and is

ripe for disposition. For the following reasons, the court will grant the motion in

part and deny it in part.

**I.   <u>Background</u>**

Slantis is represented in this action by Gordon R. Leech ("Leech") and Frank

P. Clark ("Clark"). Pursuant to the stipulation entered into by the parties on

January 18, 2011 (Doc. 81), the parties settled all claims with the exception of the

award of attorneys' fees and costs, over which this court has retained jurisdiction.

(Doc. 82).

Clark is a member of the bar of the U.S. District Court for the Middle District of Pennsylvania and concentrates his practice in the areas of employment law, education law, and related litigation. (Doc. 84 ¶ 6). Although an experienced litigator, Clark does not have significant prior experience litigating FCRA claims. Accordingly, Clark sought co-counsel with additional expertise—Attorney Leech. (Doc. 85 at 2). Leech practices primarily in Wisconsin, and he has previously handled FCRA cases in several jurisdictions. (Id.)

Slantis' counsel billed a total of 310 hours: Clark billed 93.1 hours, along with his paralegal, who billed 2.5 hours; and Leech billed 210.58 hours. (Id. at 6). Both attorneys billed for their time at a rate of $325 per hour, and paralegal time was billed at $100 per hour, for a total fee of $98,946.00. (Id. at 7). In addition, Slantis requests an award of costs in the amount of $2,122.32 for expenses related to litigation. (Id. at 7).

## II.   Legal Standard – 15 U.S.C. §1681n(a)(3) and 1681o(a)(2)

The relevant language for both willful and negligent noncompliance in sections 1681n(a)(3) and 1681o(a)(2) is identical and reads: a party who is found liable under this section is liable "in an amount equal to the sum of . . . the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. §1681o(a)(2) and 1681n(a)(3). It is initially the burden of the moving party to demonstrate the reasonableness of the fees and costs requested under a fee shifting statute. Smith v. Phila Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). The method the court uses for determining the reasonableness of a requested fee is the lodestar

formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled."  Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986) (internal quotation omitted).  The burden then shifts to the opposing party to demonstrate the unreasonableness of the hours and rate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The court cannot decrease the award based on factors not raised by the adverse party.  Smith, 107 F.3d at 225.

## III.   Discussion

### A.   Billing Rate

"[R]easonable fees are to be calculated according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895 (1984); Maldonado, 256 F.3d at 184.  The court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Dellarciprete, 892 F.2d at 1183; Maldonado, 256 F.3d at 184.

Slantis' counsel seeks attorney's fees at the rate of $325.00 per hour.  In support of the reasonableness of this hourly rate, plaintiff provides the declaration of two attorneys: Bruce Warshawskey of the Harrisburg law firm of Cunningham &

3

Chernicoff and James Francis of the Philadelphia law firm of Francis & Mailman. The Francis declaration is problematic in that it originates from another market in another district, to wit: Philadelphia, the Eastern District of Pennsylvania. It is conclusory and it does not provide concrete support for the prevailing rate for an attorney in the Middle District of Pennsylvania. The Warshawsky declaration is more helpful, but it too is conclusory on the precise issue of the prevailing market rate in this district; for example, nowhere does Mr. Warshawsky identify <u>his</u> standard hourly rate.

Very recently, Honorable Sylvia Rambo of this court determined that an attorney in the general field of employment litigation, with fifteen years of combined experience in human resources and litigation, a masters degree in trial advocacy, and a substantial number of jury verdicts and appellate decisions in her repertoire, was entitled to a reasonable hourly rate of $225.00. <u>Carey v. City of Wilkes-Barre</u>, No. 3:05-CV-2093 (M.D. Pa. May 5, 2011) (Doc. 186 at 4). In addition, this court has awarded lower hourly rates in several cases. <u>See</u> <u>Moore v. Susquehanna Area Reg'l Airport Auth.</u>, No. 02-CV-535, 2005 WL 2430790 (M.D. Pa. Sept. 30, 2005) ($200.00 deemed reasonable hourly rate), <u>Lohman v. Duryea Borough</u>, No. 3:05-CV-1423 (M.D. Pa. July 30, 2008) <u>aff'd</u>, 574 F.3d 163 (3d Cir. 2009) ($215.00 deemed reasonable hourly rate). In one recent case, Harrisburg attorneys were awarded a higher hourly rate, <u>see</u> <u>Lewis v. Smith, et al.</u>, 361 F. App'x 42 (3d Cir. 2010) ($300.00 deemed reasonable hourly rate). After considering the comparable skill, experience and reputation of counsel in all of these cases, as well

4

as the declarations and exhibits presented by the parties, and assessing the skill and experience of plaintiff's counsel, the court concludes that $250.00 per hour is a reasonable rate for both Attorney Leech and Attorney Clark.

### B.    Reasonableness of Hours Spent

The court must also examine whether all the hours spent were reasonable. Capozzi argues that the experience and background of attorneys Clark and Leech are "very similar," and that there was therefore no reason why Slantis required both attorneys. (See Doc. 88, 3-5). The court does not find this argument persuasive. It is not uncommon for multiple attorneys to represent a single client. In this case, Clark did not have the same experience as Leech. It is understandable that Clark would wish to have co-counsel with more experience in the relevant area of law. Moreover, it is clear that Attorney Leech was lead counsel and that Attorney Clark was functioning as the resident counsel, performing both substantive and procedural tasks. Nevertheless, the court will not approve fees for work which is purely duplicative or unnecessary.

### 1.    Phone Calls

Capozzi challenges Clark's billing of forty phone calls, totaling four hours, where his time sheet reads: "left message." The challenged phone calls occurred over a total time period of nearly three years. It is within the normal course of business for an attorney to bill a client for making a call and leaving a message when the call is not answered. Therefore, the court finds that Clark's four challenged hours of phone calls are reasonable.

5

### 2.   <u>Two Attorneys at the February 12, 2010 Deposition</u>

Capozzi challenges the necessity of having both attorneys Clark and Leech participate in depositions on February 12, 2010.  The three depositions which occurred on that date lasted for a total of 5.3 hours.  Excluding breaks, Clark and Leech actually spent about 4.5 hours in the depositions.  (Doc. 88-1 at 7-12).  Clark billed 6.3 hours for "[t]ravel to, attend Slantis Dep; return travel," (Doc. 84-5 at 7), and Leech billed six hours for "[a]ttending [d]epositions of A. Eisemann, L. Capozzi and L. Slantis," (Doc. 84-3 at 15).

The court concludes that, before and after the depositions, Clark might reasonably have spent an additional hour preparing for the depositions and conferring with his client.  Additionally, billing 0.3 hours for travel is reasonable, because Clark traveled a 20 minute round trip.  Therefore, the court finds that Clark billed a reasonable amount of time for the February 12 depositions.

On the other hand, Attorney Leech's presence by telephone was largely duplicative.  Rather than participating by telephone, Leech could have reviewed pertinent liability and damage questions with Attorney Clark prior to the deposition.  Clark is an experienced and capable attorney who could have handled the deposition with minor assistance on FCRA-specific issues.  However, Leech actively participated in the depositions, and the court deems it reasonable to permit him to recover a portion of the time expended.  Therefore, the court will reduce time billed by Leech by half, and award a fee for three hours of professional time.

3.     **Atlanta Trip**

Slantis seeks compensation for Attorney Leech's time spent traveling to Atlanta, a total of twelve hours.  Leech traveled to Atlanta intending to depose Equifax, Inc.; however, no representative showed up for the deposition.  Capozzi thus opposes an award for the fee that Leech billed for the ill-fated trip.  Slantis contends that it was reasonable for Leech to bill for traveling to Atlanta because Equifax was properly put on notice, because Leech was ultimately able to obtain the documents subpoenaed, and because Leech was able to communicate with Equifax to reschedule the deposition.

Capozzi further challenges the fee for two hours' preparation for the rescheduled deposition, which Leech billed after he had already billed one hour of preparation on the original date of the deposition.  Slantis argues that the additional preparation for the rescheduled deposition was necessary to review the subpoenaed documents.

The court finds that Leech's time billed for the Atlanta trip should be recovered, if appropriate, from the entity who failed to appear as scheduled.  Ostensibly, Equifax failed to comply with the dictates of the subpoena and it alone is responsible for Leech's professional time and costs associated with the Atlanta trip.  Therefore, the twelve hours of professional time associated with this trip is disallowed.

4.     **Research**

On February 11, 26, and 27, 2010, Attorney Leech billed a total of eight hours for legal research.  (Doc. 84-3 at 14-16).  Capozzi argues that if Leech is the expert he claims to be, he would not have needed that research time.  Slantis states that the purpose of the research was to find cases that were factually on point.  The court agrees that, as a general matter, a seasoned attorney in a particular area of law should be sufficiently familiar with that law that he would not have to spend "an inordinate amount of time researching that same law."  Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).  However, the court also recognizes the importance of researching cases which are factually similar to a pending case.  The court will permit Leech to recover fees for some of the time he spent researching, but the court concludes that 1.5 hours is more appropriate for each of the three research sessions, for the purposes that Leech claims to have been researching.  Therefore, the court will reduce the total of eight hours to 4.5 hours.

5.     **Deposition Annotations**

Capozzi challenges the time Leech billed for annotating three depositions. Leech billed 11.5 hours for the following tasks:

> [R]eview and analysis of the transcript, excerpting relevant portions of the transcript and transferring the verbatim testimony to a database, identifying the point reference from the deposition transcript, associating the excerpted testimony to appropriate issues, creating a paraphrase of the testimony for easier and quicker review later, connecting relevant witnesses that may corroborate or contradict the excerpted testimony and making notations for any follow-up discovery or research issues.

(Doc. 91 at 4). Much of the analysis, notations for follow-up discovery and research, and connection of appropriate witnesses to excerpted testimony is the sort of work that an attorney must complete. However, paraphrasing testimony, transferring testimony verbatim to a database, and identifying the point reference from the deposition transcripts are tasks more appropriate for a new attorney, a paralegal, or support staff. It is routine and time-consuming work that is not worth the hourly rate at which a seasoned attorney would bill. An attorney may spend his time as he wishes, but he may not charge a client for every use of that time. Attorneys often complete tasks that cannot be billed at the full rate, just as they complete tasks that cannot be billed at all. The court finds that approximately two-thirds of the time spent (7.2 hours total—1.8 hours per deposition reviewed) is appropriately charged. The court will reduce the fee award accordingly.

      6.   **Motion for Summary Judgment**

      Attorney Leech billed 11.3 hours for "[p]reparation of Slantis Motion for Summary Judgement [sic] and proposed order," on February 27- March 1, 2010. (Doc. 84-3 at 16). Capozzi challenges this time as "obviously excessive" for a two-page motion. (Doc. 88 at 9). In response, Slantis claims that the time at issue includes time spent on "the motion, brief, statement of facts and supporting documents." (Doc. 91 at 4). However, the court notes that Leech also made separate entries for time spent on "[p]reparation of Brief on Slantis motion for Summary Judgement [sic]" (8 hours on Feb. 28) and "[p]reparation of Statement of Material Facts Not In Dispute for Slantis Motion for Summary Judgement [sic]" (3

hours on Feb 28 and 8 hours on March 1).  (See Doc. 84-3 at 16).  In light of the fact

that Leech separately billed a total of 19 hours for preparing these documents in

support of the motion for summary judgment, the court finds that billing 11.3 hours

for preparation of the motion is excessive.

The court will not disturb the 19 hours referenced above, which Capozzi has

not challenged.  However, the court will reduce the billing for 11.3 hours spent

preparing the motion for summary judgment.  The court will award a fee for two

hours of billable work, instead of 11.3.

### 7.   <u>Response to Statement of Facts</u>

Capozzi argues that for Leech to spend six hours on a response to

defendant's statement of facts is "obviously an excessive amount of time where

Attorney Leech had previously prepared his own exhaustive set of facts that

became the basis of his response."  The court agrees.  The set of facts which Leech

created should have enabled him to respond to defendant's statement of facts more

efficiently, and the court finds that six hours of professional time is excessive given

the task and resources at hand.  Accordingly, the court will reduce the time from six

hours to three.

### 8.   <u>Clerical Tasks</u>

Capozzi challenged certain tasks undertaken by Slantis' counsel that might

have been performed by clerical staff and charged at a lower rate.  The coordinating

of a conference call between the attorneys and Slantis, as well as the filing of the

complaint and the summons, could very well have been performed by clerks.  The

court agrees that these tasks are clerical in nature, and that the half hour spent on each task should more properly have been considered an overhead expense. The court will not award the fees requested for these tasks.

### C.   **Proportional Fee**

Capozzi argues that the fee award must be proportional to the recovery. (Doc. 88, 11). However, the case quoted for support by Capozzi specifically indicates that the "[d]efendants did not contest the reasonableness of the lodestar and challenged only the bonus" over and above the lodestar. Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). Ursic is therefore easily distinguishable. In contrast, in a case involving a fee-shifting statute using the phrase "reasonable attorney's fee," the Third Circuit stated that "[h]ad Congress believed . . . that attorney's fees should be awarded in some proportion to the plaintiff's damages, it could have easily eliminated or modified the attorneys' fees provision . . . We will not impose such a change by judicial fiat." United Auto Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 294 (3d Cir. 2007) (internal citations omitted). Therefore, in keeping with the Third Circuit's reasoning, the court will not limit the lodestar fees in proportion to the recovery.

### D.   **Costs**

Capozzi challenges some of the costs requested by Slantis—specifically, costs associated with postage and delivery, travel expenses, Pro Hac Vice fees, and Pacer fees. Citing In re Penn Cent. Transp. Co., 630 F.2d 183 (3d Cir. 1980) (evaluating an award based on Fed. R. App. P. 39(a)), Capozzi argues that only taxable

11

items—those listed in 28 U.S.C. § 1920—may be awarded.  In re Penn Cent. Transp. Co. can be easily distinguished, however, because the suit is based on a statute which specifically refers to costs that are "taxed," FED. R. APP. P. 39(a) ("costs are taxed against the appellant . . ."), as opposed to "reasonable attorney's fees and costs."  Capozzi also cites Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538 (E.D. Pa. 2003), in support of its argument that Slantis should not recover delivery, travel, Pro Hac Vice, and research costs.  The court does not find Sheffer persuasive.

Instead, the court finds the support cited by Slantis, Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577 (9th Cir. 2010), to be more persuasive.  Grove involved an award with similar language to the statutes at issue in the instant case, where the prevailing party was to "recover his reasonable attorney's fees and costs . . ."  Id. at 579.  In evaluating the non-taxable costs that the plaintiff was seeking, the court noted that "[t]he other circuit courts that have examined this question agree that expenses other than those expressly listed in § 1920 are recoverable under statutes providing for recovery of 'attorney's fees.'"  Id. at 581; see also Central Soya Company v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983) (interpreting "attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."); Bryant v. City of Chicago, 200 F.3d 1092, 1100 n.3 (7th Cir. 2000) ("Non-taxable costs are recoverable as part of the attorney's fees to be awarded" under 42 U.S.C. § 2000e-5(k) which uses the phrase "reasonable attorney's fee."); Save Our Cumberland

12

Mountains, Inc. v. Hodel, 826 F.2d 43, 54 (D.C. Cir. 1987) ("We believe that it would be unduly restrictive to find that neither the general term 'costs of litigation' not the term 'attorney's fees' includes incidental expenses of attorneys that are routine to all litigation and routinely billed to private citizens.").  The Grove decision was further supported by Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463 (1989), in which the Supreme Court found that the prevailing party could recover for paralegals' time under a statute allowing for "a reasonable attorney's fee as part of costs."  Id. at 285.  The Supreme Court, in language which is relevant to our inquiry, explained that "the fee must take into account the work not only of attorneys, but . . . it must also take account of other expenses and profit."  Id.  Therefore, the court will award the costs requested by Slantis in full.

IV.   **Recapitulation**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Attorney Leech** | Hours Billed | 210.58 | | | | | |
| | Deduction | - 36.1 | | | | | |
| | Total | 174.48 | x | $250 per hour | = | $ 43,620 | |
| **Attorney Clark** | Hours Billed | 93.1 | x | $250 per hour | = | $ 23,275 | |
| **Paralegal** | Hours Billed | 2.5 | x | $100 per hour | = | $ 250 | |

**Total Fees Awarded**                                              $ 67,145

**Total Costs**                                              $ 2,122.32


An appropriate order follows.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       June 24, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAHNEEN SLANTIS, | : | CIVIL ACTION NO. 1:09-CV-049 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| CARPOZZI & ASSOCIATES, P.C., | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 24th day of June, 2011, upon consideration of the motion for award of costs and attorney's fees (Doc. 84) filed by plaintiff Lanheen Slantis ("Slantis"), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The motion (Doc. 84) is GRANTED in part and DENIED in part as set forth in the accompanying memorandum. The court awards $ 67,145.00 in fees and $ 2,122.32 in costs to Slantis.

2.  The Clerk of Court is directed to CLOSE this case.

_____S/ Christopher C. Conner_____
CHRISTOPHER C. CONNER
United States District Judge